Case No. 1:25 cv 01899
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LEE K. PONSHE,
Petitioner,

v.

THE WARDEN OF MENARD CORRECTIONAL FACILITY,
Respondent.

**EMERGENCY MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 and ACCOMPANYING MEMORANDUM OF LAW ONE-DAY-LATE**

Petitioner Lee Ponshe, through his attorney at Lewarchik Law, LLC, hereby files this motion seeking a one-day-late equitable tolling, stating:

1. The one year limitation for Mr. Ponshe's filing of a 28 U.S.C. § 2254 habeas corpus petition ran yesterday, July 27th, 2029.

2. Undersigned counsel timely opened a new case for this matter on this Court's E-filing system.[1]

3. Exhibit A reveals a screenshot taken of the new case number assigned and the date of "filing" as July 28th, 2025.

4. Undersigned counsel also timely uploaded Mr. Ponshe's § 2254 habeas corpus petition and Memorandum of Law in Support, which can be seen by the screenshot attached to this motion as Exhibit B, which shows the name of the two uploads and the date.

5. Unfortunately, this Court's efiling system would not process the two uploads, stating "malform" error. Though undersigned counsel tried repeatedly to upload these documents, despite saving and resaving them, the system would not accept the documents for filing and would merely repeat the same error, which can be seen in Exhibit B.

6. Immediately, the next morning, before his first court appearance at 930 AM, undersigned counsel contacted this Court's clerk's office to troubleshoot the problem.

---

[1] An 1-109 certification averring to the veracity of the facts contained within this motion and the authenticity of this motion's attachments appears at the ending of this motion.

7. The Clerk provided various suggestions, but none of them worked. She suggested that, when or if undersigned counsel solved the issue, he should file an emergency motion explaining what occurred and requesting that his client's two filings be accepted through equitable tolling. After working with other computer-savvy individuals, the error was resolved, and this motion was drafted.

8. Also, before his first court appearance today, undersigned counsel emailed the department of the Illinois General that handles habeas corpus petitions to inquire as to whether they had an objection. As of the filing of this motion, nobody from that office has responded.

9. After his morning court appearance, undersigned counsel had to drive to DeKalb for a final, Third Stage Hearing under the Illinois Post Conviction Hearing Act. He was not able to draft this motion until the evening as a result.

10. Undersigned Counsel has attached Mr. Ponshe's proposed Ponshe's § 2254 habeas corpus petition and Memorandum of Law in Support as Exhibits C and D, respectfully.

## DISCUSSION

**The Due Diligence and Extraordinary Circumstances Necessary to Apply Equitable Tolling Exist.**

To establish his entitlement to equitable tolling, a petitioner must "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Id*. at 2565.

Though only "extraordinary" cases justify the invocation of equitable tolling, *id*. at 2564, "the statute of limitations must not be applied too harshly" because "dismissing a first habeas petition "is a particularly serious matter." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002)

The decision to equitably toll section 2244(d) "must be made on a case-by-case basis. *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964). In each case, there is a need for "flexibility," avoiding mechanical rules," and awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S. Ct. 2549, 2563. There are "no bright lines in determining whether equitable tolling is warranted in a given case." *Id*. Rather, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J State Dep't of Corr*., 145 F.3d 616, 618 (3rd Cir. 1998). A litigant seeking equitable tolling bears the burden of establishing these two elements. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, reasonable diligence, indeed maximum diligence, applies to Mr. Ponshe's actions after the defect that prevented a timely filing occurred. His counsel immediately contacted this Court's clerk's office before his first court appearance the following morning and followed the clerk's instructions as closely and as promptly as his trial schedule

permitted, which was the same day. In addition, this Court's system's inexplicable refusal to accept two PDF documents demonstrates "extraordinary circumstances beyond his control [that] stood in the way of the timely filing of his petition." *Acevedo*, 595 F.3d at 781. There was no way to anticipate that such a vague and unresolvable glitch labeled "malformed" would prevent the timely filing of the petition and memorandum of law. And, indeed, as this Court's efile system shows, these PDF documents were uploaded into the system in a timely fashion, but the system refused to accept them, citing "malformed." Mr. Ponshe is serving a life sentence, and this is his first habeas corpus petition. Certainly, depriving him of this review would represent the "particularly serious" implication described in *Wynn,* and the unforeseeable and difficult to resolve "malform" error which prevented timely filing, would "make the rigid application of a limitation period unfair." *Miller*, 145 F.3d at 618. This scenario invites the precise type of flexibility discussed in *Holland*, making the application of equitable estoppel appropriate. *Holland*, 130 S. Ct. 2549, 2563.

Accordingly, Petitioner Lee Ponshe requests that this Court apply equitable tolling to accept his habeas corpus petition one day late.

Respectfully submitted,


/s/ *David Lewarchik*

David Lewarchik, Esq.
Attorney for Petitioner
Appeal Counsel, PLLC
939 W. North Avenue, Suite 750
Chicago, IL 60642
Tel: (312) 517-3877
Email: dwl@appealcounsel.com

Date: 7-29-2025

STATE OF ILLINOIS   )
                             ) SS
COUNTY OF COOK   )

## **1-109 Certification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on informationand belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
David Lewarchik, Esq.

6-12-2025
DATE

CERTIFICATE OF SERVICE

I, David Lewarchik, certify that on the date below, I electronically filed the foregoing Petition and Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will serve counsel of record at:

Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601

Date: July 29th, 2028

/s/ *David Lewarchik*

David Lewarchik, Esq.



**A**

**United States District Court**
**Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:25-cv-08819**

Ponshe

Date Filed: 07/28/2025

ROR: Document is malformed or contains code which may cause an external action (such as launching an a

k here for more information.

ou need further assistance, please contact the court.

r File: C:\fakepath\Final_Ponshe_2254_Habeas_Petition_with_History_dwl.pdf

mitted Entries

| Type | Filename | Category | Descrip |
|---|---|---|---|
| in Document | C:\fakepath\Final_Ponshe_2254_Habeas_Petition_with_History_dwl.pdf | - | - |
| achment #1 | C:\fakepath\Final_Ponshe_2254_Memo_with_History_dwl.pdf | Appendix | - |

k

EXHIBIT C

Case No. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LEE K. PONSHE,
Petitioner,

v.

THE WARDEN OF MENARD CORRECTIONAL FACILITY,
Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

Petitioner, LEE K. PONSHE, through his undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and in support thereof states:

**I. INTRODUCTION**

1. Petitioner was convicted of first degree murder in the Circuit Court of Will County, Illinois (Case No. 09-CF-861) and sentenced to 75 years in the Illinois Department of Corrections. He was sentenced on March 4th, 2013, and filed his Notice of Appeal on March 5th, 2013.

2. Petitioner is currently incarcerated at Menard Correctional Center.

3. The Illinois Appellate Court affirmed the conviction on direct appeal in *People v. Ponshe*, 2015 IL App (3d) 130152-U. The court remanded for resentencing, finding that the mandatory life sentence provision was unconstitutional. The Illinois Supreme Court denied Petitioner's Petition for Leave to Appeal (PLA) to the Illinois Supreme Court on November 25th, 2015, and no Writ of Certiorari to the United States Supreme Court was filed.

4. On January 14th, 2016, the case returned to the circuit court for resentencing.

5. Petitioner was resentenced to 75 years' imprisonment on August 23rd, 2016 (C617), and filed his Notice of Appeal on August 29th, 2016. (C621)

6. His sentence was affirmed in *People v. Ponshe*, 2018 IL App (3d) 160500-U, on December 20th, 2018, and the Illinois Supreme Court denied his PLA on March 20th, 2018. No Writ of Certiorari was filed

7. On December 19th, 2019, Petitioner filed a post-conviction petition, which the Will County Circuit Court dismissed on October 23rd, 2020 (C.673),[1] and Ponshe filed his Notice of Appeal on November 19th, 2020.

*8. On September 5th, 2024,* the Appellate Court affirmed the dismissal in *People v. Ponshe*, 2024 IL App (3d) 200492-U.

9. On October 10th, 2024, Petitioner filed his PLA, which was denied on January 29th, 2025.

10. Petitioner now seeks relief from his conviction and sentence on the grounds that his continued incarceration violates the United States Constitution.

## II. PROCEDURAL HISTORY

11. Petitioner, Lee K. Ponshe, was charged with first-degree murder in Will County, Illinois, under Case No. 09-CF-861, arising from the death of 18-month-old H.B. on or about April 15, 2009. He proceeded to trial before a jury.

12. During trial, the State introduced a videotaped custodial interrogation of Petitioner in which he made inculpatory statements. The State also introduced testimony about a prior incident involving another child and a race car parachute. Petitioner was found guilty and sentenced to natural life imprisonment pursuant to 730 ILCS 5/5-8-1(a)(1)(c)(ii), based on the age of the victim and the Petitioner.

13. On direct appeal, Petitioner raised several claims including ineffective assistance of trial counsel for allowing the jury to hear a recorded call with his father, and a challenge to the refusal to instruct the jury on involuntary manslaughter. In *People v. Ponshe*, 2015 IL App (3d) 130152-U, the Appellate Court affirmed his conviction but vacated the sentence after finding the statutory provision under which the life sentence was imposed had been held unconstitutional under the single-subject rule. He raised these same claims to the Illinois Supreme Court but his PLA was denied.

14. On remand, Petitioner was resentenced to 75 years in the Illinois Department of Corrections. The new sentence was affirmed on appeal in *People v. Ponshe*, 2018 IL App (3d) 160500-U. The Appellate Court rejected claims that the trial court erred by failing to state a basis for extended-term sentencing or that the sentence was excessive.

15. Petitioner then filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, alleging that trial counsel was ineffective for failing to file a motion to suppress his statements, and that judicial bias denied him a fair trial. The petition advanced to second-stage review, but the circuit court dismissed it. The Appellate Court affirmed in *People v. Ponshe*, 2024 IL App (3d) 200492-U, holding that Petitioner failed to make a substantial showing of constitutional

---

[1] In citing the record, the notation "C." refers to common law record. The notation "R." refers to the record of proceedings.

violation and that his claims were either forfeited or lacked merit. Ponshe raised these same claims to the Illinois Supreme Court in his PLA, which the court denied.

16. Petitioner has now exhausted all available state remedies. This petition seeks relief pursuant to 28 U.S.C. § 2254 from constitutional violations that infected the fairness of the trial process and resulted in an unlawful conviction and sentence. All of the grounds raised below were first raised to the Illinois Supreme Court in Mr. Ponshe's two Petitions for Leave to Appeal.

## III. GROUNDS FOR RELIEF

### Ground One: Ineffective Assistance of Trial Counsel

17. Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when trial counsel failed to file a motion to suppress inculpatory statements made to police after Petitioner was subjected to sustained coercive interrogation tactics. In a recorded interview, detectives repeatedly assured Petitioner he was not going to prison, promised family reunification, and characterized the interrogation as a means of helping him, while expressing sympathy and providing suggestive explanations. Petitioner ultimately made inculpatory statements only after expressing extreme distress and despair. See *People v. Ponshe*, 2024 IL App (3d) 200492-U, ¶¶ 8–10.

13. These tactics bear hallmarks of psychological coercion under prevailing precedent. See *Lynumn v. Illinois*, 372 U.S. 528 (1963); *United States v. Montgomery*, 555 F.3d 623, 629 (7th Cir. 2009). Despite the coercive nature of this interrogation, trial counsel failed to move to suppress the statements. This failure was not strategic, nor based on any tactical consideration, but was a plain oversight. The Seventh Circuit has held such omissions may constitute deficient performance where a motion had a reasonable probability of success. See *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007).

14. The prejudice flowing from this error was profound. The interrogation and Petitioner's statements were the centerpiece of the State's case, and were repeatedly emphasized during trial. Without these statements, the State's circumstantial evidence—particularly given conflicting expert medical testimony—was insufficient to prove guilt beyond a reasonable doubt. See Ponshe, 2015 IL App (3d) 130152-U, ¶¶ 24–26.

### Ground Two: Judicial Bias Violated Due Process

15. Petitioner's Fourteenth Amendment right to a fair trial before an impartial tribunal was violated when the trial court improperly and publicly rebuked defense counsel during trial, issued an inflammatory curative instruction to the jury implying that defense counsel acted improperly, and in doing so, lent credibility to the State's evidence. See *Ponshe,* 2024 IL App (3d) 200492-U, ¶¶ 15–

16. While a trial judge retains discretion over courtroom conduct, due process prohibits conduct that appears biased or overtly hostile toward one party. See *Franklin v. McCaughtry*, 398 F.3d 955, 959–60 (7th Cir. 2005); *Liteky v. United States*, 510 U.S. 540, 555 (1994). The judge's intervention—especially when couched as "striking" defense evidence that had already been admitted—created a strong appearance of partiality, undermining the integrity of the adversarial process.

### Ground Three: Admission of Prejudicial Other Acts Evidence

17. The trial court permitted the State to introduce an unrelated incident involving a parachute mechanism from a race car that allegedly injured another child. The only connection between the two incidents was that both children were 18 months old and had been in Petitioner's care. As noted on appeal, the evidence was of minimal probative value but carried significant risk of unfair prejudice. See Ponshe, 2024 IL App (3d) 200492-U, ¶¶ 5, 10–11.

18. The United States Supreme Court has recognized that evidence introduced solely to suggest a defendant's bad character or propensity to commit crime violates due process when it renders the trial fundamentally unfair. See *Darden v. Wainwright*, 477 U.S. 168, 179–83 (1986). The admission of this unrelated, inflammatory incident—over defense objections—allowed the jury to convict based on perceived character flaws rather than evidence of guilt.

### Ground Four: Ineffective Assistance of Trial Counsel

**19.** Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when trial counsel failed to object to the publishing to the jury of recorded damaging conversations.

### Ground Five: Improper Refusal to Instruct the Jury on involuntary manslaughter

**20.** Petitioner was denied his Due Process rights when the trial court refused to instruct the jury on involuntary manslaughter. Due process requires that a jury be properly instructed on the law. *Rivera v. Illinois*, 556 U.S. 148, 161 (2009)); U.S. Const. amend. XIV.

**21.** Taken together, these errors substantially undermined the fairness of Petitioner's trial. He was denied the right to effective counsel, tried before a judge who failed to appear impartial, and convicted based on prejudicial evidence unrelated to the crime charged. Habeas relief is warranted.

### IV. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

A. Issue a writ of habeas corpus under 28 U.S.C. § 2254

B. Vacate his conviction and order a new trial or release him from custody;

C. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

LEE K. PONSHE

By: *David Lewarchik*

David Lewarchik, Attorney for Petitioner

Date: July 28th, 2026

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2025, I served a true and correct copy

of the foregoing Petition for Writ of Habeas Corpus and Verification through this

Court's efiling system:

Office of the Attorney General
100 West Randolph Street
Chicago, IL 60601

By: *David Lewarchik*

David Lewarchik, Attorney for Petitioner

[Exhibit D]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LEE K. PONSHE,
Petitioner,

v.

THE WARDEN OF MENARD CORRECTIONAL FACILITY,
Respondent.

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

Petitioner, Lee K. Ponshe, through his attorney, David Lewarchik, respectfully submits this memorandum of law in support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. Procedural History

1. Petitioner, Lee K. Ponshe, was charged with first-degree murder in Will County, Illinois, under Case No. 09-CF-861, arising from the death of 18-month-old H.B. on or about April 15, 2009. He proceeded to trial before a jury.

2. During trial, the State introduced a videotaped custodial interrogation of Petitioner in which he made inculpatory statements. The State also introduced testimony about a prior incident involving another child and a race car parachute. Petitioner was found guilty and sentenced to natural life imprisonment pursuant to 730 ILCS 5/5-8-1(a)(1)(c)(ii), based on the age of the victim and the Petitioner.

3. On direct appeal, Petitioner raised several claims including ineffective assistance of trial counsel for allowing the jury to hear a recorded call with his father, and a challenge to the refusal to instruct the jury on involuntary manslaughter. In *People v. Ponshe*, 2015 IL App (3d) 130152-U, the Appellate Court affirmed his conviction but vacated the sentence after finding the statutory provision under which the life sentence was imposed had been held unconstitutional under the single-subject rule.

4. On remand, Petitioner was resentenced to 75 years in the Illinois Department of Corrections. The new sentence was affirmed on appeal in *People v. Ponshe*, 2018 IL App (3d) 160500-U. The Appellate Court rejected claims that the trial court erred by failing to state a basis for extended-term sentencing or that the sentence was excessive.

5. Petitioner then filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, alleging that trial counsel was ineffective for failing to file a motion to suppress his statements, and that judicial bias denied him a fair trial. The petition advanced to second-stage review, but the circuit court dismissed it. The Appellate Court affirmed in *People v. Ponshe*, 2024 IL App (3d) 200492-U, holding that Petitioner failed to make a substantial showing of constitutional violation and that his claims were either forfeited or lacked merit.

6. Petitioner has now exhausted all available state remedies. This petition seeks relief pursuant to 28 U.S.C. § 2254 from constitutional violations that

infected the fairness of the trial process and resulted in an unlawful conviction and sentence.

*7.* Mr. Ponshe asserts by raising all five issues addressed in this memorandum to the Illinois Supreme Court through his Petitions for Leave to Appeal, he sufficiently notified the state courts of these federal issues to satisfy the presentment element of the exhaustion doctrine. *See Sanders v. Cotton*, 398 F.3d 572 580-81 (7th Cir. 2005) (petitioner's brief to the state appellate court applied the Supreme Court's due process analysis to his jury instruction challenge and provided a citation to a case that would have "alerted the court to the alleged federal nature of the claim," so he fairly presented his federal constitutional claim to the Illinois state courts); *See also Baldwin v. Reese*, 541 U.S. 27 (2004); *see also Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001).

### I. LEGAL STANDARD FOR AEDPA CLAIMS

Petitioner's habeas petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, two different standards of review apply, depending on whether the state court actually adjudicated a properly raised federal claim.

First, the AEDPA allows a federal court to grant habeas relief if the state court's actual adjudication of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

3

federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" – i.e., is "substantially different from the relevant precedent of th[e] [Supreme] Court." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts." *Id*. at 413.

Second, when a state court fails to consider a properly raised federal constitutional issue, federal habeas review of that issue is not subject to the deferential standard that applies under AEDPA; rather, "the claim is reviewed *de novo*" under the pre-AEDPA standard of 28 U.S.C. § 2243. *Cone v. Bell*, 556 U.S. 449, 472 (2009); *Ruhl v. Hardy*, 743 F.3d 1083, 1090-91 (7th Cir. 2014). In reviewing such a claim *de novo*, the federal court considers all of the evidence available to the state court at the point at which the issue was raised, *United States ex rel. Newman v. Rednour*, 917 F. Supp. 2d 765, 771 (N.D. Ill. 2012), and adjudicates the question of law without engaging in additional scrutiny. *Ellison v. Walls*, 2008 U.S. Dist. LEXIS 48728, at *17 (N.D. Ill. June 13, 2008).

This Court should grant habeas relief because petitioner's conviction runs contrary to, and unreasonably applies, supreme court authority

4

establishing that the (1) Sixth Amendment to the United States Constitution requires effective assistance of counsel, (2) Due Process requires a properly instructed jury, and (3) Due Process requires a jury free from the influence of judicial bias.

## II. ARGUMENT

### A. Ineffective Assistance of Trial Counsel for Failing to Suppress

Petitioner was denied his Sixth Amendment right to the effective assistance of counsel. To prevail, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Trial counsel failed to move to suppress inculpatory statements obtained during a video-recorded custodial interrogation that exhibited numerous signs of coercion. Detectives in Ponshe's case repeatedly suggested he would not go to prison if he cooperated, emphasized their desire to keep his family intact, and implored him to "just tell us what happened" to relieve stress. See *People v. Ponshe*, 2024 IL App (3d) 200492-U, ¶¶ 8–10. These assurances, coupled with repeated emotional appeals, created the very kind of coercion that this Court has condemned. Counsel's failure to file a suppression motion was constitutionally deficient. Where the legal basis for suppression is strong and the evidence central, courts have recognized such failure as prejudicial. See *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007). This was not a strategic decision, and prejudice is clear: the

5

statements were the heart of the State's case. See also *People v. Ponshe*, 2015 IL App (3d) 130152-U, ¶¶ 11–14, confirming the prosecution's reliance on the recorded admissions. This error, combined with the errors from this memorandum's other sections, deprived Ponshe of a fair trial..

### B. Judicial Bias Violated Petitioner's Right to a Fair Trial

The Due Process Clause guarantees a trial before a fair and impartial judge. *Franklin v. McCaughtry*, 398 F.3d 955 (7th Cir. 2005). The trial judge's actions—rebuking defense counsel's demonstration without prior warning and issuing an instruction to disregard it while emphasizing the State's prior effort to conduct the demonstration—created the appearance of bias. See 2024 IL App (3d) 200492-U, ¶¶ 15–16.

The trial court stated that the demonstration made the sound of an "explosion" and that the defense acted improperly. Such statements, made in front of the jury, directly undermined defense credibility and lent support to the State's narrative, violating due process. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Bracy v. Gramley*, 520 U.S. 899, 905 (1997). The judge's demonstrable bias, combined with the errors from this memorandum's other sections, deprived Ponshe of a fair trial.

### C. Improper Admission of Prior Bad Acts Evidence

The trial court admitted evidence of an incident involving another child and a racecar parachute. While the trial court limited the demonstration itself, it allowed the jury to hear testimony that the child was

6

struck and that Petitioner dissuaded medical attention. *Ponshe*, 2024 IL App (3d) 200492-U, ¶ 10. This testimony had scant relevance but substantial prejudicial                                                                       effect.

Prior bad acts evidence may not be used solely to suggest a defendant's propensity for criminal behavior. *Huddleston v. United States, 485 U.S. 681 (1988).* The parachute incident lacked probative connection to the charged offense and served only to inflame the jury, violating due process under *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001). This evidentiary admission error, combined with the errors from this memorandum's other sections, deprived Ponshe of a fair trial.

### D. Ineffective Assistance the publishing of privileged and damaging  attorney-client discussions to the jury.

Petitioner was denied his Sixth Amendment right to the effective assistance of counsel. To prevail, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In all legal matters, a lawyer is an officer of the court and is bound to work for the advancement of justice and the rightful interests of his client. *United States v. Nobles*, 422 U.S. 225, 237 (1975). Defense counsel's task in a criminal trial is to persuade the jury that there is a reasonable doubt of the defendant's guilt. *Herring v. New York*, 422 U.S. 853, 861-62 (1975). In performing these legal duties, it is essential that the attorney work with a certain degree of privacy. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)

(recognizing the importance of the work product doctrine). A lawyer's work includes his or her mental impressions and personal beliefs. *Nobles*, 422 U.S. at 238. If an attorney's thoughts are not his or her own, "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial." *Hickman*, 329 U.S. at 511. Consequently, courts have historically recognized that publication of an attorney's mental processes would be demoralizing and "the interests of the clients and the cause of justice would be poorly served." Id.¶ 36. In this case, the specific references to defense counsel's mental impressions of the case, statements about defense counsel possible legal strategies, and defense counsel's assessment of defendant's chances of success were irrelevant, demoralizing and denigrating to the "cause of justice." They should not have been published to the jury. Defense counsel's failure to object to these statements was an error, as the appellate court recognized below; however, contrary to the position taken by that court, the harm from that error, as well as the rest of the errors above, did amount to prejudice, making the trial unfair.

### E. Jury Instructions Declined

The Due Process Clause entitles defendants to jury instructions for lesser-included offenses provided evidence exists to support it. Given the evidence in support of Petitioner's lesser-included jury instruction, the court deprived Defendant of Due Process.

Each of the errors described above—ineffective assistance of counsel, judicial bias, and prejudicial other-acts evidence—resulted in a fundamentally unfair trial. Petitioner respectfully requests that the Court issue a writ of habeas corpus, vacate his conviction, and order a new trial.

Respectfully submitted,

/s/ *David Lewarchik*

David Lewarchik, Esq.
Attorney for Petitioner
Appeal Counsel, PLLC
939 W. North Avenue, Suite 750
Chicago, IL 60642
Tel: (312) 517-3877
Email: dwl@appealcounsel.com

Date: 7-29-2025

9

CERTIFICATE OF SERVICE

I, David Lewarchik, certify that on the date below, I electronically filed the foregoing Petition and Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will serve counsel of record at:

Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601

Date: July 29th, 2028

/s/ *David Lewarchik*

David Lewarchik, Esq.

10